UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
(at Lexington)

Eastern District of Kentucky
F I L E D

JUN 0 4 2019

AT LEXINGTON
ROBERT R. CARR
CLERK U.S. DISTRICT COURT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | Criminal Action No. 5: 19-055-DCR |
| | ) | |
| V. | ) | |
| | ) | |
| MIKHY FARRERA-BROCHEZ, | ) | **JURY INSTRUCTIONS** |
| | ) | |
| Defendant. | ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

**TABLE OF CONTENTS**

(Instruction)                                                                 (Page)

1.   Introduction                                                              3
2.   Jurors' Duties                                                            4
3.   Presumption of Innocence, Burden of Proof, Reasonable Doubt              5-6
4.   Evidence Defined                                                          7
5.   Consideration of Evidence                                                8
6.   Direct and Circumstantial Evidence                                       9
7.   Credibility of Witnesses                                                10-11
8.   Number of Witnesses                                                       12
9.   Introduction                                                              13
10.  Separate Consideration – Single Defendant Charged with Multiple Crimes   14
11.  Threatening Interstate or Foreign Communications                        15-17
12.  Fraudulent Transfer, Possession, or Use of a Means of Identification    18-19
13.  On or About                                                              20
14.  Inferring Required Mental State                                          21
15.  Actual Possession                                                        22
16.  Defense Theory                                                           23
17.  Introduction                                                            24
18.  Defendant's Testimony                                                   25
19.  Witness Testifying to Both Facts and Opinions                          26

| 20. | Judicial Notice | 27 |
| 21. | Stipulations | 28 |
| 22. | Introduction | 29-30 |
| 23. | Experiments, Research, Investigation and Outside Communications | 31 |
| 24. | Unanimous Verdict | 32 |
| 25. | Duty to Deliberate | 33 |
| 26. | Punishment | 34 |
| 27. | Verdict Form | 35 |
| 28. | Verdict Limited to Charges Against this Defendant | 36 |
| 29. | Court Has No Opinion | 37 |
| 30. | Juror Notes | 38 |

| Verdict Form | 39-40 |

# INSTRUCTION NO. 1

## Introduction

(1)     Members of the jury, now it is time for me to instruct you about the law that you must follow in deciding this case.

(2)     I will start by explaining your duties and the general rules that apply in every criminal case.

(3)     After that, I will explain the elements, or parts, of the crimes that the defendant is accused of committing.

(4)     Then, I will explain the defendant's position.

(5)     Next, I will explain some rules that you must use in evaluating particular testimony and evidence.

(6)     And last, I will explain the rules that you must follow during your deliberations in the jury room, and the possible verdicts that you may return.

(7)     Please listen carefully to all of these instructions.

# INSTRUCTION NO. 2

## Jurors' Duties

(1)     You have two main duties as jurors.  The first one is to decide what the facts are from the evidence that you saw and heard here in court.  Deciding what the facts are is your job, not mine, and nothing that I have said or done during this trial was meant to influence your decision about the facts in any way.

(2)     Your second duty is to take the law that I give you, apply it to the facts, and decide if the government has proved the defendant guilty beyond a reasonable doubt.  It is my job to instruct you about the law, and you are bound by the oath that you took at the beginning of the trial to follow the instructions that I give you, even if you personally disagree with them.  This includes the instructions that I gave you before and during the trial, and these instructions.  All the instructions are important, and you should consider them together as a whole.

(3)     The attorneys may talk about the law during their arguments, but if what they say is different from what I say, you must follow what I say.  What I say about the law controls.

(4)     Perform these duties fairly.  Do not let any bias, sympathy or prejudice that you may feel toward one side or the other influence your decision in any way.

# INSTRUCTION NO. 3

## Presumption of Innocence, Burden of Proof, Reasonable Doubt

(1)     As you know, the defendant has pleaded not guilty to the crimes charged in the indictment. The indictment is not any evidence at all of guilt. It is just the formal way that the government tells the defendant what crimes he is accused of committing. It does not even raise any suspicion of guilt.

(2)     Instead, the defendant starts the trial with a clean slate, with no evidence at all against him, and the law presumes that he is innocent. This presumption of innocence stays with him unless the government presents evidence here in court that overcomes the presumption, and convinces you beyond a reasonable doubt that he is guilty.

(3)     This means that he has no obligation to present any evidence at all, or to prove to you in any way that he is innocent. It is up to the government to prove that he is guilty, and this burden stays on the government from start to finish. You must find the defendant not guilty unless the government convinces you beyond a reasonable doubt that he is guilty.

(4)     The government must prove every element of the crimes charged beyond a reasonable doubt. Proof beyond a reasonable doubt does not mean proof beyond all possible doubt. Possible doubts or doubts based purely on speculation are not reasonable doubts. A reasonable doubt is a doubt based on reason and common sense. It may arise from the evidence, the lack of evidence, or the nature of the evidence.

(5)    Proof beyond a reasonable doubt means proof which is so convincing that you would not hesitate to rely and act on it in making the most important decisions in your own lives.  If you are convinced that the government has proved the defendant guilty beyond a reasonable doubt, say so by returning a guilty verdict.  If you are not convinced, say so by returning a not guilty verdict.

## INSTRUCTION NO. 4

### Evidence Defined

(1)     You must make your decision based only on the evidence that you saw and heard here in court.  Do not let rumors, suspicions, or anything else that you may have seen or heard outside of court influence your decision in any way.

(2)     The evidence in this case includes only what the witnesses said while they were testifying under oath, the exhibits that I allowed into evidence, the stipulations that the parties agreed to, and the facts that I have judicially noticed.

(3)     Nothing else is evidence.  The lawyers' statements and arguments are not evidence.  Their questions and objections are not evidence.  My legal rulings are not evidence.  And my comments and questions are not evidence.

(4)     Make your decision based only on the evidence, as I have defined it here, and nothing else.

# INSTRUCTION NO. 5

## Consideration of Evidence

You should use your common sense in weighing the evidence. Consider it in light of your everyday experience with people and events and give it whatever weight you believe it deserves. If your experience tells you that certain evidence reasonably leads to a conclusion, you are free to reach that conclusion.

# INSTRUCTION NO. 6

## Direct and Circumstantial Evidence

(1)     Now, some of you may have heard the terms "direct evidence" and "circumstantial evidence."

(2)     Direct evidence is simply evidence like the testimony of an eyewitness which, if you believe it, directly proves a fact. If a witness testified that he saw it raining outside, and you believed him, that would be direct evidence that it was raining.

(3)     Circumstantial evidence is simply a chain of circumstances that indirectly proves a fact. If someone walked into the courtroom wearing a raincoat covered with drops of water and carrying a wet umbrella, that would be circumstantial evidence from which you could conclude that it was raining.

(4)     It is your job to decide how much weight to give the direct and circumstantial evidence. The law does not make any distinction between the weight that you should give to either one, or say that one is any better evidence than the other. You should consider all the evidence, both direct and circumstantial, and give it whatever weight you believe it deserves.

# INSTRUCTION NO. 7

## Credibility of Witnesses

(1)     Another part of your job as jurors is to decide how credible or believable each witness was. This is your job, not mine. It is up to you to decide if a witness's testimony was believable, and how much weight you think it deserves. You are free to believe everything that a witness said, or only part of it, or none of it at all. But you should act reasonably and carefully in making these decisions.

(2)     Let me suggest some things for you to consider in evaluating each witness's testimony.

(a)     Ask yourself if the witness was able to clearly see or hear the events. Sometimes even an honest witness may not have been able to see or hear what was happening, and may make a mistake.

(b)     Ask yourself how good the witness's memory seemed to be. Did the witness seem able to accurately remember what happened?

(c)     Ask yourself if there was anything else that may have interfered with the witness's ability to perceive or remember the events.

(d)     Ask yourself how the witness acted while testifying. Did the witness appear honest? Or did the witness appear to be lying?

(e)     Ask yourself if the witness had any relationship to the government or the defendant, or anything to gain or lose from the case, that might influence the witness's

testimony. Ask yourself if the witness had any bias, or prejudice, or reason for testifying that might cause the witness to lie or to slant the testimony in favor of one side or the other.

(f)     Ask yourself if the witness testified inconsistently while on the witness stand, or if the witness said or did something (or failed to say or do something) at any other time that is inconsistent with what the witness said while testifying.  If you believe that the witness was inconsistent, ask yourself if this makes the witness's testimony less believable.  Sometimes it may; other times it may not.  Consider whether the inconsistency was about something important, or about some unimportant detail.  Ask yourself if it seemed like an innocent mistake, or if it seemed deliberate.

(g)     And ask yourself how believable the witness's testimony was in light of all the other evidence.  Was the witness's testimony supported or contradicted by other evidence that you found believable?  If you believe that a witness's testimony was contradicted by other evidence, remember that people sometimes forget things, and that even two honest people who witness the same event may not describe it exactly the same way.

(3)     These are only some of the things that you may consider in deciding how believable each witness was.  You may also consider other things that you think shed some light on the witness's believability.  Use your common sense and your everyday experience in dealing with other people.  And then decide what testimony you believe, and how much weight you think it deserves.

## INSTRUCTION NO. 8

### Number of Witnesses

(1)    One more point about the witnesses. Sometimes jurors wonder if the number of witnesses who testified makes any difference.

(2)    Do not make any decisions based only on the number of witnesses who testified. What is more important is how believable the witnesses were, and how much weight you think their testimony deserves. Concentrate on that, not the numbers.

# INSTRUCTION NO. 9

## Introduction

(1)    That concludes the part of my instructions explaining your duties and the general rules that apply in every criminal case. In a moment, I will explain the elements of the crimes that the defendant is accused of committing.

(2)    But before I do that, I want to emphasize that the defendant is only on trial for the particular crimes charged in the indictment. Your job is limited to deciding whether the government has proved the crimes charged.

(3)    Also keep in mind that whether anyone else should be prosecuted and convicted for these crimes is not a proper matter for you to consider. The possible guilt of others is no defense to a criminal charge. Your job is to decide if the government has proved this defendant guilty. Do not let the possible guilt of others influence your decision in any way.

## INSTRUCTION NO. 10

### Separate Consideration – Single Defendant Charged with Multiple Crimes

(1)     The defendant has been charged with several crimes.  The number of charges is no evidence of guilt, and this should not influence your decision in any way.  It is your duty to separately consider the evidence that relates to each charge, and to return a separate verdict for each one.  For each charge, you must decide whether the government has presented proof beyond a reasonable doubt that the defendant is guilty of that particular charge.

(2)     Your decision on one charge, whether it is guilty or not guilty, should not influence your decision on any of the other charges.

## INSTRUCTION NO. 11

## Threatening Interstate or Foreign Communications

## (18 U.S.C. § 875(d))

Counts 1 and 2 of the indictment charge that the defendant sent threatening emails in interstate or foreign commerce containing threats to injure the reputation of officials of the Government of Singapore and its Ministry of Health, with the intent to extort things of value from the Government of Singapore or its officials or agencies. The conduct in Count 1 is alleged to have occurred on or about January 22, 2019. The conduct in Count 2 is alleged to have occurred on February 18, 2019.

For you to find the defendant guilty of these crimes, you must find that the government has proved each of the following elements beyond a reasonable doubt:

(A)     First: That the defendant knowingly sent a message on or about the date charged in the respective count.

(B)     Second: That the message was sent in interstate or foreign commerce.

(C)     Third: That the message contained a wrongful, true threat to damage the reputation of another.

(D)     Fourth: That the defendant did so with the intent to extort money or something else of value from the Government of Singapore or its officials or agencies.

The government does not have to prove that the defendant intended to carry out the threat or succeeded in obtaining the money or any other thing of value.

Now I will give you more detailed instructions on some of these terms.

(1)     The term "foreign commerce" involves business, trade, travel, transportation, or communication from a place in the United States to any place outside of the United States.

(2)     The term "interstate commerce" involves business, trade, travel, transportation, or communication from any place in one state to any place in a different state.

(3)     The term "wrongful threat" means a threat that has no nexus to a valid claim of right by the defendant.

(4)     The term "true threat" means a serious threat - not idle talk, a careless remark, or something said jokingly - that is made under circumstances that would place a reasonable person in fear of damage to their reputation or damage to another's reputation.

(5)     The term "intent to extort" means to act with the purpose of obtaining money or something of value from someone who consents because of fear or the wrongful use of actual or threatened force or violence.

(6)     The term "thing of value" means anything that has value to the defendant, whether it is tangible or not.

(7)     The term "message" means a communication that is handwritten, typed, oral, telephonic, e-mail, text message, or any other form of electronic communication.

If you are convinced that the government has proved all of these elements, say so by returning a guilty verdict on these charges. If you have a reasonable doubt about any one of the elements, then you must find the defendant not guilty of these charges.

## INSTRUCTION NO. 12

### Fraudulent Transfer, Possession, or Use of a Means of Identification
### (18 U.S.C. § 1028 (a)(7))

Count 3 of the indictment charges that the defendant transferred or possessed in interstate or foreign commerce, and without lawful authority, a means of identification of another person or persons, knowing that the means of identification belonged to the actual person or persons, with the intent to commit, or in connection with, any activity that violates federal law. This conduct is alleged to have occurred on or about January 22, 2019.

For you to find the defendant guilty of this crime, you must find that the government has proved each and every one of the following elements beyond a reasonable doubt:

(A)     First: That the defendant knowingly transferred or possessed a means of identification of another person.

(B)     Second: That the defendant knew that the means of identification belonged to another person.

(C)     Third: That the defendant acted with the intent to commit, or in connection with, any activity that violates federal law; namely, the transmission of threatening communications in interstate or foreign commerce with the intent to extort things of value.

(D)     Fourth: That the defendant acted without lawful authority.

(E)     Fifth: That the transfer or possession of the means of identification occurred in or affected interstate or foreign commerce.

Now I will give you more detailed instructions on some of these terms.

(1)    The term "means of identification" means any name or number that may be used, alone or in conjunction with any other information, to identify a specific individual. A means of identification includes any name or date of birth.

(2)    The term "lawful authority" means authorization recognized by statute or regulation. Thus, "without lawful authority" means without authorization recognized by statute or regulation. To prove the "without lawful authority" element, the government need not prove that the means of identification were stolen. However, proof that such means of identification were stolen would satisfy the "without lawful authority" element.

(3)    The term "interstate commerce" involves business, trade, travel, transportation, or communication from any place in one state to any place in a different state.

(4)    The term "foreign commerce" involves business, trade, travel, transportation, or communication from a place in the United States to any place outside of the United States.

(5)    The term "transfer" means selecting a means of identification and placing the means of identification on an online location where it is available to others.

If you are convinced that the government has proved all of these elements, say so by returning a guilty verdict on this charge. If you have a reasonable doubt about any one of the elements, then you must find the defendant not guilty of this charge.

## INSTRUCTION NO. 13

### On or About

(1) Next, I want to say a word about the dates mentioned in the indictment.

(2) The indictment charges that the crimes happened "on or about" certain dates. The government does not have to prove that the crimes happened on those exact dates. But the government must prove that the crimes happened reasonably close to those dates.

## INSTRUCTION NO. 14

### Inferring Required Mental State

(1)    Now, I want to explain something about proving a defendant's state of mind.

(2)    Ordinarily, there is no way that a defendant's state of mind can be proved directly, because no one can read another person's mind and tell what that person is thinking.

(3)    But a defendant's state of mind can be proved indirectly from the surrounding circumstances. This includes things like what the defendant said, what the defendant did, how the defendant acted, and any other facts or circumstances in evidence that show what was in the defendant's mind.

(4)    You may also consider the natural and probable results of any acts that the defendant knowingly did, and whether it is reasonable to conclude that the defendant intended those results. This, of course, is all for you to decide.

## INSTRUCTION NO. 15

### Actual Possession

(1)     Next, I want to explain something about possession.  To establish actual possession, the government must prove that the defendant had direct, physical control over another person's means of identification, and knew that he had control of it.

(2)     But understand that just being present where something is located does not equal possession.  The government must prove that the defendant had possession of another person's means of identification, and knew that he did, for you to find him guilty of this crime.  This of course is all for you to decide.

**INSTRUCTION NO. 16**

**Defense Theory**

(1)     That concludes the part of my instructions explaining the elements of the crimes.  Now, I will explain the defendant's position.

(2)     The defense says that the defendant did not intend to extort anything of value from the Government of Singapore.  Further, the defense says that the defendant did not have the intent to commit another crime when he possessed and transferred other people's means of identity.

# INSTRUCTION NO. 17

## Introduction

That concludes the part of my instructions explaining the elements of the crimes and the defendant's position. Next I will explain some rules that you must use in considering some of the testimony and evidence.

# INSTRUCTION NO. 18

## Defendant's Testimony

(1)     You have heard the defendant testify.  Earlier, I talked to you about the "credibility" or the "believability" of the witnesses.  And I suggested some things for you to consider in evaluating each witness's testimony.

(2)     You should consider those same things in evaluating the defendant's testimony.

# INSTRUCTION NO. 19

## Witness Testifying to Both Facts and Opinions

You have heard the testimony of Dr. Vernon Lee and Kurt Buhts who testified to both facts and opinions. Each type of testimony should be given the proper weight.

Regarding the testimony concerning facts, consider the factors discussed earlier in these instructions for weighing the credibility of witnesses.

Regarding the testimony concerning opinions, you do not have to accept the witness's opinion. In deciding how much weight to give it, you should consider the witness's qualifications and how he reached his conclusions along with the other factors discussed in these instructions for weighing the credibility of witnesses.

Remember that you alone decide how much of a witness's testimony to believe, and how much weight you think it deserves.

# INSTRUCTION NO. 20

## Judicial Notice

I have decided to accept as proved the fact that Clark County is located within the Eastern District of Kentucky, even though no evidence was presented on this point. You may accept this fact as true, but you are not required to do so.

## INSTRUCTION NO. 21

### Stipulations

The government and the defendant have agreed, or stipulated, to certain facts. Therefore, you must accept the following stipulated facts as proved:

(1)     Mikhy Farrera-Brochez used the email addresses mbrochez@gmail.com and amadeofarrera@gmail.com.

(2)     Mikhy Farrera-Brochez sent the email marked as Government Exhibit 3, titled "RE: Court Dates" on January 22, 2019, from the Eastern District of Kentucky.

(3)     Mikhy Farrera-Brochez sent the email marked as Government Exhibit 4, titled "The Lies of Dr. Leong Hoe Nam and Edwin Tong" on February 18, 2019, from the Eastern District of Kentucky.

## INSTRUCTION NO. 22

### Introduction

(1)    That concludes the part of my instructions explaining the rules for considering some of the testimony and evidence.  Now let me finish up by explaining some things about your deliberations in the jury room, and your possible verdicts.

(2)    After the parties' closing arguments have been presented and you retire to the jury room to begin your deliberations, the first thing that you should is choose someone to be your foreperson.  This person will help to guide your discussions, and will speak for you here in court.

(3)    Once you start deliberating, do not talk to the jury officer, or to me, or to anyone else except each other about the case.  If you have any questions or messages, you must write them down on a piece of paper, sign them, and then give them to the jury officer.  The officer will give them to me, and I will respond as soon as I can.  I may have to talk to the parties about what you have asked, so it may take me some time to get back to you.  Any questions or messages normally should be sent to me through your foreperson.

(4)    Also, the exhibits that were admitted in evidence are available for your review.  They will be delivered to you by the Courtroom Clerk as soon as we recess.  You will also be provided with copies of the jury instructions.

(5)    One more thing about messages.  Do not ever write down or tell anyone, including me, how you stand on your votes.  For example, do not write down or tell anyone

that you are split 6-6, or 8-4, or whatever your vote happens to be.  That should stay secret

until you are finished.

## INSTRUCTION NO. 23

### Experiments, Research, Investigation and Outside Communications

(1)     Remember that you must make your decision based only on the evidence that you saw and heard here in court.

(2)     During your deliberations, you must not communicate with or provide any information to anyone by any means about this case.  You may not use any electronic device or media, such as cell phone, or computer, the Internet, any Internet service, or any social media website such as Facebook or Twitter, to communicate to anyone any information about this case or to conduct any research about this case until I accept your verdict.  In other words, you cannot talk to anyone on the phone, correspond with anyone, or electronically communicate with anyone about this case.

## INSTRUCTION NO. 24

### Unanimous Verdict

(1)     Your verdict, whether it is guilty or not guilty, must be unanimous as to each count.

(2)     To find the defendant guilty of a particular count, every one of you must agree that the government has overcome the presumption of innocence with evidence that proves his guilt beyond a reasonable doubt.

(3)     To find him not guilty of a particular count, every one of you must agree that the government has failed to convince you beyond a reasonable doubt.

(4)     Either way, guilty or not guilty, your verdict must be unanimous as to each count.

## INSTRUCTION NO. 25

### Duty to Deliberate

(1)   Now that all the evidence is in and once the arguments are completed, you are free to talk about the case in the jury room.  In fact, it is your duty to talk with each other about the evidence, and to make every reasonable effort you can to reach unanimous agreement.  Talk with each other, listen carefully and respectfully to each other's views, and keep an open mind as you listen to what your fellow jurors have to say.  Try your best to work out your differences.  Do not hesitate to change your mind if you are convinced that other jurors are right and that your original position was wrong.

(2)   But do not ever change your mind just because other jurors see things differently, or just to get the case over with.  In the end, your vote must be exactly that— your own vote.  It is important for you to reach unanimous agreement, but only if you can do so honestly and in good conscience.

(3)   No one will be allowed to hear your discussions in the jury room, and no record will be made of what you say.  So you should all feel free to speak your minds.

(4)   Listen carefully to what the other jurors have to say, and then decide for yourself if the government has proved the defendant guilty beyond a reasonable doubt.

## INSTRUCTION NO. 26

### Punishment

(1)     If you decide that the government has proved the defendant guilty, then it will be my job to decide what the appropriate punishment should be.

(2)     Deciding what the punishment should be is my job, not yours.  It would violate your oaths as jurors to even consider the possible punishment in deciding your verdict.

(3)     Your job is to look at the evidence and decide if the government has proved the defendant guilty beyond a reasonable doubt.

# INSTRUCTION NO. 27

## Verdict Form

(1)     I have prepared a verdict form that you should use to record your verdict.

(2)     If you decide that the government has proved the charge against the defendant beyond a reasonable doubt, say so by having your foreperson mark the appropriate place on the form. If you decide that the government has not proved the charge against the defendant beyond a reasonable doubt, say so by having your foreperson mark the appropriate place on the form. Your foreperson should then sign the form, put the date on it, and return it to me.

## INSTRUCTION NO. 28

### Verdict Limited to Charges Against this Defendant

Remember that the defendant is only on trial for the particular crimes charged in the indictment. Your job is limited to deciding whether the government has proved the crimes charged.

# INSTRUCTION NO. 29

## Court Has No Opinion

Let me finish up by repeating something that I said to you earlier. Nothing that I have said or done during this trial was meant to influence your decision in any way. You decide for yourselves if the government has proved the defendant guilty beyond a reasonable doubt.

# INSTRUCTION NO. 30

## Juror Notes

(1)    Remember that if you elected to take notes during the trial, your notes should be used only as memory aids. You should not give your notes greater weight than your independent recollection of the evidence.  You should rely upon your own independent recollection of the evidence or lack of evidence and you should not be unduly influenced by the notes of other jurors.  Notes are not entitled to any more weight than the memory or impression of each juror.

(2)    Whether you took notes or not, each of you must form and express your own opinion as to the facts of the case.