UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
(at Lexington)

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | Criminal Action No. 5: 19-055-DCR |
| ) | |
| V. ) | |
| ) | |
| MIKHY FARRERA-BROCHEZ, ) | **MEMORANDUM OPINION** |
| ) | **AND ORDER** |
| Defendant. ) | |

*** *** *** ***

The United States Probation Office and United States Attonrey assert that Defendant Mikhy Farrera-Brochez committed three violations of his conditions of supervised release. The matter was referred to United States Magistrate Judge Matthew A. Stinnett to conduct an evidentiary hearing on the alleged violations and issue a Report and Recommendation. The magistrate judge has conducted the hearing and issued his report, recommending that the Court find Farrera-Brochez guilty of the violations. He also recommends that the undersigned revoke Farrera-Brochez's supervision and sentence him to nine months' incarceration with no additional term of supervision to follow. [Record No. 134]

A district court makes a *de novo* determination of those portions of a magistrate judge's recommendation to which objections are made, 28 U.S.C. § 636(b)(1)(C), but "[i]t does not appear that Congress intended to require district court review of a magistrate's factual or legal conclusions, under a *de novo* or any other standard, when neither party objects to those findings." *Thomas v. Arn*, 474 U.S. 140, 150 (1985). Here, Farrera-Brochez has not submitted any objections to the magistrate judge's Report and Recommendation. Regardless, the Court

has reviewed the record as well as the audio recording of the final supervised release hearing, and agrees with the magistrate judge that the government has proved by a preponderance of the evidence that Farrera-Brochez committed the three alleged violations. The matter will be set for a hearing regarding the penalty to be imposed.

## I.

A brief review of the history of this case is in order. A jury convicted Defendant Farrera-Brochez on June 4, 2019, of one count of transferring or possessing in interstate commerce, and without lawful authority, a means of identification of another person or persons, with the intent to commit an activity that violates federal law, in violation of 18 U.S.C. § 1028(a)(7), and two counts of sending threatening communications in interstate or foreign commerce with the intent to extort things of value from the Government of Singapore, in violation of 18 U.S.C. § 875(d). [Record Nos. 32, 33] The defendant was later sentenced to a 24-month term of imprisonment, followed by 3 years of supervised release. [Record No. 59]

Farrera-Brochez was initially released from custody on December 27, 2020, and began his first term of supervision. The defendant later violated the terms of his supervised release by failing to abide by the rules of the halfway house where he was placed, including refusing to submit to urinalysis and refusing take mental health medication. Farrera-Brochez was terminated or removed from the halfway house because of this conduct. [Record No. 79] His supervision was revoked and the defendant was sentenced to 7 months' incarceration for his violations. An additional 29 months of supervised release followed this period of imprisonment. [Record No. 103] After this custodial sentence was completed, Farrera-Brochez was released on September 4, 2021, to begin the current term of supervision.

The United States Probation Office filed the current supervised release violation report on November 22, 2021. The report asserts that Farrera-Brochez violated his conditions of supervision by: (1) possessing or using an unauthorized communication device with internet capabilities; (2) communicating and threatening another individual; and (3) having contact with a victim or witness in this case, specifically his mother Theresa King. He appeared for an initial appearance on the alleged violations,[1] and the matter was then referred to United States Magistrate Judge Stinnett to conduct the final hearing.

Magistrate Judge Stinnett held a final supervised release hearing during which Farrera-Brochez contested the three violations. At the hearing, the United States introduced a screenshot of the text message, from a number ending in 5688, to Theresa King's niece that stated: "[t]his has gone on long enough Ms. King. You've caused Mikhy enough trouble. Please return his property. Our next step will be to discuss things with Teledyne Brown and Mr. Sims."[2]

United States Probation Officer Tony Gilkey testified that King's niece received the text message and showed it to King. Officer Gilkey also testified that he met with Farrera-Brochez to determine if he possessed an unauthorized device. While meeting with Farrera-Brochez, Officer Gilkey called the same number ending in 5688 while Farrera-Brochez was holding a cell phone, and the phone in Farrera-Brochez's hand rang. Farrera-Brochez also conceded he possessed an internet-capable device.

---

[1] At his initial appearance, Farrera-Brochez had a disruptive outburst and was removed from the courtroom.

[2] Theresa King is engaged to Bret Sims who is employed at Teledyne Brown.

Officer Gilkey testified that he never gave Farrera-Brochez permission to possess the device.  Additionally, Officer Gilkey explained why the text message received by King's niece was harassing and/or threatening.  Farrera-Brochez cross-examined Officer Gilkey and argued that he did not possess the phone at issue, he did not send the message to King, King was harassing him by mail, the prohibition on possessing a cell phone without prior permission was unconstitutional, and that his conditions said that he was not allowed to contact "Theresa King" but the alleged violation identified his mother by a different spelling: "Teresa King."

Magistrate Judge Stinnett issued a Report and Recommendation regarding Farrera-Brochez's alleged violations of his supervised release conditions.  [Record No. 134]  The magistrate judge recommended that the Court find Farrera-Brochez guilty of the violations, revoke his supervised release, and sentence him to nine months' imprisonment with no additional term of supervision.  Farrera-Brochez reserved his right to allocution and did not file a waiver.

Magistrate Judge Stinnett found that the United States established the supervised release violations by a preponderance of the evidence.  [Record No. 134, p. 6]  He relied on the testimony of Officer Gilkey, Farrera-Brochez's own statements, and the evidence in the record in support of his recommendation.  Magistrate Judge Stinnett concluded that Farrera-Brochez conceded that he possessed an internet-capable phone.  Additionally, he rejected Farrera-Brochez's argument that the phone was not his since the phone rang in Farrera-Brochez's hand in the presence of Officer Gilkey.

Magistrate Judge Stinnett also concluded that Farrera-Brochez sent or attempted to send the threatening message to Theresa King through her niece.  The magistrate judge found that the statement that Farrera-Brochez would "discuss things with Teledyne Brown" was intended

to harass, threaten, or intimidate because King's fiancée worked at Teledyne Brown. Magistrate Judge Stinnett also noted that "Farrera-Brochez's statements at the hearing laid bare his deep animosity towards [King], and only further convinced the Court he sent the text message, intended it to be harassing or threatening, and intended his mother, Theresa King, to receive it." [*Id*. at 7.] After analyzing the factors in 18 U.S.C. § 3553, the magistrate judge recommended a sentence of nine months with no term of supervision to follow. [*Id*.] As noted, Farrera-Brochez did not file any objections to the Report and Recommendation.

## II.

This undersigned agrees with the magistrate judge that Farrera-Brochez committed the alleged violations of his terms of supervision. As a result, the Court will set the matter for a hearing to impose a penalty for the violations.

The government must prove an alleged violation of supervised release by a preponderance of the evidence. 18 U.S.C. § 3583(e)(3); *see also United States v. Cofield*, 233 F.3d 405, 406 (6th Cir. 2000). Farrera-Brochez's conditions of supervision included the following special conditions:

> You must not possess or use a computer or any device with access to any "on-line computer service" at any location (including place of employment) without the prior written approval of the probation officer. This includes any Internet Service provider, bulletin board system, or any other public or private network of e-mail system.
> . . .
> You must not communicate or attempt to communicate, either directly or indirectly, in any form, to include through internet websites or services, any messages, content, information, or other communication, that has the purpose or intent to be threatening, harassing, or intimidating to another individual or organization. Threatening, harassing, or intimidating communications include any communications that has the intent to inflict punishment, loss, pain, or damage to another individual or organization or the individual's organization's property, is meant to cause distress or alarm to an individual or organization, or

> is meant to coerce into action or place under duress, whether it be emotionally, physically, or financially, any individual or organization.
> . . .
> You must not have contact with any victims or witnesses in this case, to include Theresa King, or enter Theresa King's property without prior permission of the U.S. Probation Office.

[Record No. 59, p. 5-6] Here, the United States proved by a preponderance of the evidence that Farrera-Brochez violated these three conditions.

First, the United States established by a preponderance of the evidence that the defendant possessed a device with "online computer service" without prior approval by his probation officer or the Court. Farrera-Brochez stated at the hearing that he had an internet-capable phone and Officer Gilkey testified that he never gave Farrera-Brochez permission to possess the device. Additionally, the Court agrees with Magistrate Judge Stinnett that Farrera-Brochez's argument that he was not connected to the phone number ending in 5688 was implausible because the phone rang in his hand when Officer Gilkey called it while standing with him.

Next, the Court agrees that the United States proved by a preponderance of the evidence that Farrera-Brochez sent or attempted to send a threatening or harassing message to his mother, through her niece. Officer Gilkey testified that he called the number ending in 5688 and the phone in Farrera-Brochez's hand rang, which makes it more likely than not that Farrera-Brochez sent the message to Theresa King's niece. Additionally, the statements that "this has gone on long enough Ms. King" and "[o]ur next step will be to discuss things with Teledyne Brown and Mr. Sims," was intended to harass or threaten King because her fiancée worked for Teledyne Brown, and the statement indicates that Farrera-Brochez intended to involve King's fiancée's work in his dispute with King.

In summary, based on the evidence and testimony presented during the evidentiary hearing before Magistrate Judge Stinnett, the Court agrees that the United States has proved by a preponderance of the evidence that Farrera-Brochez committed the three violations of his supervised release.

### III.

Based on the foregoing analysis and discussion, it is hereby

**ORDERED** as follows:

1. Magistrate Judge Stinnett's Report and Recommendation [Record No. 134] is **ADOPTED**, in part, and **INCORPORATED** here by reference.

2. Defendant Mikhy Farrera-Brochez is found to have violated the terms of his supervised release as set forth in the report filed by the United States Probation Officer and Magistrate Judge Stinnett's Report and Recommendation.

3. This matter is scheduled for a hearing to determine what penalties, if any, should be imposed for the defendant's violations of the conditions of supervised release previously imposed by the Court. The hearing shall be held on **Tuesday, February 1, 2022**, beginning at the hour of **10:00 a.m.**, at the United States Courthouse in Lexington, Kentucky.

4. The United States Marshal Service is directed to deliver a copy of this Memorandum Opinion and Order to the defendant at his current place of detention.

-8-

Dated: January 25, 2022.

Danny C. Reeves, Chief Judge
United States District Court
Eastern District of Kentucky